## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-10348 BKT** |
| **RAFAEL ENRIQUE TIRADO LAUREANO** | **Chapter 7** |
| | **Adversary No. 15-00169** |
| **Debtor(s)** | |
| **RAFAEL ENRIQUE TIRADO LAUREANO** | |
| **Plaintiff** | |
| **vs.** | |
| **ASOC RES FUENTE ROYAL e IMPERIAL INC** | |
| **Defendant(s)** | **FILED & ENTERED ON 09/12/2019** |

## <u>ORDER</u>

Before the court is Plaintiff/Debtor Rafael E. Tirado Laureano's (hereinafter "Plaintiff" or "Debtor") *Plaintiff's Statement of Uncontested Facts Pursuant to District Court Local Rule 56(b) in Support of Motion for Summary Judgment* [Dkt. No. 39]; Plaintiff's *Motion for Partial Summary Judgment Pursuant to Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56 and*

1

*Memorandum of Law in Support Thereof* [Dkt. No. 40]; Defendant Asociacion de Residentes de Fuente Royal E Imperial, Inc.'s (hereinafter "ARFRI") *Reply to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment* [Dkt. No. 46]; and Plaintiff's *Opposition to Cross Summary Judgment* [Dkt. No. 56].

On July 3, 2015, Plaintiff filed the instant adversary proceeding requesting actual and punitive damages, sanctions and attorney's fees for violation of the Discharge Order [Dkt. No. 87, related legal case], pursuant to 11 U.S.C. § 524. Plaintiff alleges that ARFRI's violations stem from its judicial and collection efforts regarding home-owners association fees (hereinafter "HOA"), even though ARFRI had notice of Plaintiffs' bankruptcy filing and discharge.

## I. Summary Judgment Standard

We begin with bedrock: a court may grant summary judgment only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). "A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Newman v. Advanced Tech. Innovation Corp., 749 F.3d 33, 36 (1st Cir. 2014) (quoting One Nat'l Bank v. Antonellis, 80 F.3d 606, 608 (1st Cir. 1996)). A genuine issue of material fact "must be built on a solid foundation -- a foundation constructed from materials of evidentiary quality." Nieves-Romero v. United States, 715 F.3d 375, 378 (1st Cir. 2013). "[C]onclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative will not suffice to ward off a properly supported

summary judgment motion." Id. (quoting Rogan v. City of Bos., 267 F.3d 24, 27 (1st Cir. 2001)).

In relevant part, a summary judgment is a procedural vehicle used to determine a party's liability. Once the court makes that determination the issue of damages is addressed either through a hearing or through writings. In this case, the parties agree that Debtor was the sole owner of the property from June 12, 2000 until September 3, 2015, when a deed of judicial sale was executed in favor of mortgage lien holder Scotiabank. Moreover, it is undisputed that ARFRI received notice of the order for relief and the discharge order. As such, there are no genuine issues of material fact in the controversy before the court. Having made that determination, the analysis proceeds.

**II.  Code Sections 727 and 524**

In a chapter 7 case, with certain exceptions not relevant to this instant case, "[t]he [bankruptcy] court shall grant the debtor a discharge." A discharge is a permanent order that prohibits and prevents creditors from collecting on specific debts.  11 U.S.C. § 727(a). Generally, a discharge in bankruptcy relieves a debtor from all pre-petition debt, and permanently enjoins creditor actions to collect discharged debts. 11 U.S.C. § 524. A discharge relieves the debtor of all debts and claims arising before the date of the bankruptcy petition. The discharge of debts eliminates the personal responsibility of the debtor in relation to the discharged debts. Accordingly, 11 U.S.C. § 727(b) only discharges debts that arose before the date of the order for relief. 11 U.S.C.A. §727(b). Therefore, the discharge granted in this case to the Debtor relieved him of personal responsibility for the pre-petition debt of maintenance fees.

3

Additionally, § 524(a)(2), prescribes that a discharge of debt "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt [discharged] as a personal liability of the debtor, whether or not [the] discharge of such debt is waived[.]" Under 11 U.S.C. § 524, a bankruptcy court's discharge injunction power is enforced by Section 105. See Pratt v. General Motors Acceptance Corp., 462 F.3d 14, 21 (1st Cir. 2006); Bessette v. Avco Fin. Svcs., 230 F.3d 439, 444 (1stCir. 2000); see also In re Schlichtmann, 375 B.R. 41, 94 (Bankr.D.Mass.2007); In re Collins, 474 B.R. 317, 320 (Bankr. D.Me. 2012). Therefore, a creditor violates the discharge injunction when it "(1) commits an act that violates the discharge injunction with the general intent to commit the act and (2) acts with knowledge of the discharge order." In re Collins, 474 B.R. at 320 (citing In re Schlichtmann, 375 B.R. at 96).

**III. Code Section 523**

Section 523 of the Code lists various types of debts that are non-dischargeable. Specifically Section 523(a)(16) mentions the debts of maintenance fees. This section clearly states that homeowners' association debts arising before the bankruptcy petition are dischargeable. Congress designed and intended the permanent injunction "to give complete effect to the discharge, to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts," and to ensure that "once a debt is discharged, the debtor will not be pressured in any way to repay it." Id. (citing S.Rep. No. 989, 95th Cong., 2d 183*183 Sess. 80-81 (1978), reprinted in 1978 U.S.C.C.A.N., 5787, 5866; H.R.Rep. No. 595, 9th Cong., 1st Sess., 365-366 (1977)).

Section 523(a)(16) shifts the focus of the dischargeability determination from an inquiry whether the debtor's obligations are a prepetition claim that is dischargeable under section 727(b), to whether the subject debt is a fee or assessment that "becomes due and payable" after the order for relief. The exception applies only to fees and assessments that accrue after the commencement of the bankruptcy case. Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶523.24 (16th ed. 2016). For an assessment to be non-dischargeable under section 523(a)(16), four elements must be met. The assessment: (1) must become due and payable after the order for relief; (2) must relate to property in which the debtor had an interest upon filing for bankruptcy; (3) for which the debtor would be liable outside of bankruptcy; (4) for as long as either the debtor or the trustee has a legal, equitable, or possessory ownership interest in the property. Id.

**IV. Analysis**

Plaintiff maintained possessory ownership in the property after the filing of the petition without paying HOA fees after January 2013. The documents submitted by the parties do not support Plaintiff's allegations as to an intent by ARFRI to collect prepetition HOA fees. Plaintiff's allegation regarding ARFRI's intention is an inference that is unsupported by the evidence on record. It is uncontested that the Debtor kept accruing HOA fees after the filing of the petition, while maintaining ownership of the real property in question. Plaintiff has not contested the fact that he did not make the mentioned post-petition HOA fees, nor has he presented any evidence of having effectuated such payments.

Thus, no controversy exists as to Debtor's interest in the property upon filing for bankruptcy, and there is no dispute that Plaintiff is liable for such post-petition fees given his legal ownership of the property.

**V. Conclusion**

For the reasons stated above, the Plaintiff's *Motion for Partial Summary Judgment Pursuant to Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56 and Memorandum of Law in Support Thereof* [Dkt. No. 40] is DENIED. Defendant ARFRI's *Reply to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment* [Dkt. No. 46] is GRANTED, in part. The court does not award attorney's fees or costs to Defendant.

The Debtor shall pay ARFRI the amount of $3,911.30, as itemized in Exhibit A of ARFRI's *Motion in Compliance with Order* [Dkt. No. 66]. That amount covers the period of January 1, 2013 to September 3, 2015, and includes all post-petition HOA fees, interest, late charges and penalties. The adversary case is DISMISSED. Clerk to enter judgment.

SO ORDERED

San Juan, Puerto Rico, this 12th day of September, 2019.

Brian K. Tester
U.S. Bankruptcy Judge